No. 21417.

JOHN NENTWIG, A MINOR, BY HIS MOTHER AND NEXT FRIEND, ALETHA NENTWIG *v.* VERNON DALE OLIVER AND THE MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY.

(433 P.2d 496)

Decided November 6, 1967.

Levi Martinez, for plaintiff in error.

Akolt, Shepherd & Dick, Laurence W. DeMuth, Jr., for defendants in error.

*In Department.*

Opinion by Mr. Chief Justice Moore.

This action was commenced by plaintiff in error, hereinafter referred to as the plaintiff, to recover damages for personal injuries allegedly sustained by him as a result of an accident which occurred in Pueblo, Colorado. He was a pedestrian and was struck by a motor vehicle driven by the defendant Oliver in the course of his employment by the defendant Mountain States Telephone and Telegraph Company. He alleged negligence on the part of Oliver in driving the vehicle owned by the company.

The defendants denied negligence on the part of Oliver and affirmatively alleged contributory negligence on the part of plaintiff; and, further, that at the time of the accident plaintiff was crossing a street intersection at a point other than at the "crosswalk" in violation of certain ordinances of the city of Pueblo.

The issues were tried to a jury which returned a verdict in favor of the defendants upon which judgment was entered by the trial court after a motion for new trial was denied.

As grounds for reversal it is argued that the trial court erred in refusing to direct a verdict in favor of

the plaintiff on the issue of liability; that there was no evidence warranting submission of the issue of contributory negligence to the jury; and that the trial court erred in giving instructions objected to by counsel for plaintiff and in refusing to give instructions tendered on behalf of plaintiff.

██ With reference to the first two grounds above mentioned, it is sufficient to say that the court did not err in denying the motion for directed verdict, and in submitting the issue of contributory negligence to the jury. A study of the record leads us inescapably to conclude that the issues of negligence and contributory negligence were matters properly to be determined by the jury.

█ With reference to the alleged errors connected with the giving of instructions to which objections were made, and the refusal of the trial court to give tendered instructions, we find no error. The jury was fairly instructed on the law applicable to every issue involved in the case.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE MCWILLIAMS concur.